**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

FREDRICK L. HALE                                                                                           PLAINTIFF

V.                                           NO: 1:16CV00100 DPM/PSH

DR. SHAWN RICHARD *et al*                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. Relevant facts**

Plaintiff Fredrick L. Hale, a former Arkansas Department of Correction (ADC) inmate, filed a *pro se* civil rights complaint on August 8, 2016. Lori Holst, a Mental Health Supervisor at the ADC's Grimes and McPherson Units, is the only remaining defendant.[1] She is sued in both her official and personal capacity.

According to Hale's complaint, he took prescribed medications for his "mental condition"

---

[1] Hale's claims against former defendants Dr. Shawn Richard and Candace Kriebel were dismissed without prejudice on December 13, 2016. Doc. No. 32.

for years before he entered the ADC on January 6, 2016.[2] Hale asserts that when he entered the ADC, he notified the appropriate physicians of his mental condition and the medications he was taking. Hale further claims in his complaint:

> I can not be held reliable for Any actions that may or may not occur. Lori Holst (Supervisor of Mental department of Grimes Unit has Refused to get me my medicine to control my condition And The Arkansas Dept of Corrections Policy Prevents SAID treatment.

Doc. No. 2, page 4.

Hale seeks injunctive relief as well as compensatory and punitive damages. On October 3, 2016, Holst filed a motion for summary judgment, a statement of facts, and a brief in support on the issue of exhaustion. Doc. Nos. 26-28. The Court advised Hale of his opportunity to file a response. The Court also warned him that if he did not file a response, the Court could assume that the facts set out in Holst's statement of facts are true. Doc. No. 29.

Hale has not filed a response, and the time for doing so has passed. Because Hale failed to controvert the facts set forth in Holst's statement of undisputed facts, Doc. No. 27, those facts are deemed admitted. *See* Local Rule 56.1(c). Holst's statement, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and summary judgment is appropriate.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[2]It appears Hale had been taking Alprazolam, Trazodone, and Clonazepam.

party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

Holst asserts she is entitled to summary judgment because Hale failed to exhaust his administrative remedies before he filed this lawsuit. The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. "The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*,

549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *Id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The applicable ADC grievance policy requires three steps to fully exhaust a grievance. First, an inmate completes an informal resolution form which explains the issue and is to include, among other things, the names of the personnel involved. If he is not satisfied with the response, the inmate may file a formal grievance, using the same form, which is then reviewed and decided in medical grievances by the Health Services Administrator or the Administrator's designee. Finally, if the inmate believes the problem is not resolved, he may appeal to the director, assistant, or deputy director, whose decision marks the final stage of the process. Doc. No. 26-1, pages 5-13.

In support of her assertion that Hale failed to exhaust his claims against her, Holst has offered the declarations of Barbara Williams, the ADC's Grievance Coordinator, and Shelly Byers, the ADC's Medical Grievance Coordinator. Doc. Nos. 26-2 & 26-3. According to Williams and Byers, Hale failed to exhaust any medical or non-medical grievance naming Holst after his claims arose in January 2016. Holst asserts in her statement of facts that Hale failed to file any grievances against her concerning the claims he made in his lawsuit. Because Hale failed to controvert Holst's factual statements, the Court accepts Holst's statements as true. No material facts are in dispute, Hale failed to exhaust his administrative remedies, and Holst is entitled to judgment as a matter of law.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Defendant Lori Holst's motion for summary judgment be GRANTED, and plaintiff

Fredrick L. Hale's complaint be DISMISSED WITHOUT PREJUDICE.  Doc. No. 26.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 10th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE